## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| O'NEAL HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:10-cv-00459 |
| | ) | |
| v. | ) | Honorable Ronald L. Buckwalter |
| | ) | |
| HIRERIGHT SOLUTIONS, INC. and USIS | ) | |
| COMMERCIAL SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404

For the reasons expressed in the accompanying Memorandum of Law, Defendant HireRight Solutions, Inc., f/k/a USIS Commercial Services, Inc., through its undersigned counsel, hereby moves pursuant to 28 U.S.C. § 1404(a) to transfer the captioned matter to the U.S. District Court for the Northern District of Oklahoma and respectfully requests that the Court enter the proposed Order attached hereto.[1]

Respectfully submitted,

/s/Robert C. Drake
Robert C. Drake, Esquire (PA #57177)
Rod M. Fliegel, Esquire (*pro hac vice*)
William J. Simmons, Esquire (PA #206860)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
(t) 267.402.3000
rcdrake@littler.com
rfliegel@littler.com
wsimmons@littler.com
*Attorneys for Defendants*

Date:  April 30, 2010

_____

[1] HireRight Solutions, Inc. was formerly known as "USIS Commercial Services, Inc."  This Motion applies to both named-defendants even though they are not separate entities.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| O'NEAL HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:10-cv-00459 |
| | ) | |
| v. | ) | Honorable Ronald L. Buckwalter |
| | ) | |
| HIRERIGHT SOLUTIONS, INC. and USIS | ) | |
| COMMERCIAL SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## ORDER

This matter having come before the Court on Motion of Defendant HireRight Solutions, Inc., f/k/a USIS Commercial Services, Inc., through its counsel, for an Order transferring this action to the U.S. District Court for the Northern District of Oklahoma, and the Court having reviewed the parties' submissions, and for good cause shown, IT IS HEREBY ORDERED that:

1.     Defendant's Motion is GRANTED;

2.     The above-captioned matter is hereby transferred in its entirety to the U.S. District Court for the Northern District of Oklahoma.

**IT IS SO ORDERED.**

_____
RONALD J. BUCKWALTER, U.S.D.J.

Dated: May ___, 2010

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

O'NEAL HENDERSON,                    )
                                     )
            Plaintiff,               )          Civil Action No. 2:10-cv-00459
                                     )
      v.                             )          Honorable Ronald L. Buckwalter
                                     )
HIRERIGHT SOLUTIONS, INC. and USIS   )
COMMERCIAL SERVICES, INC.,           )
                                     )
            Defendants.              )
                                     )
                                     )
                                     )

## CERTIFICATE OF SERVICE

I, Robert C. Drake, Esquire, hereby certify that on April 30, 2010, I caused the foregoing

Motion To Transfer, and accompanying papers, to be filed with the Court and served via the Electronic

Case Filing System upon the following counsel of record:

Sharon M. Dietrich, Esq.
Janet Ginzburg, Esq.
Community Legal Services, Inc.
1424 Chestnut Street
Philadelphia, PA 19102

David A. Searles, Esq.
Donovan Searles, LLC
1845 Walnut Street
Suite 1100
Philadelphia, PA 19103

James A. Francis, Esq.
Francis & Mailman, P.C.
100 South Broad Street, 19th Floor
Land Title Building
Philadelphia, PA 19110
*Attorneys for Plaintiff*

_/s/ Robert C. Drake_
Robert C. Drake

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
_____

| | | |
|---|---|---|
| O'NEAL HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:10-cv-00459 |
| | ) | |
| v. | ) | Honorable Ronald L. Buckwalter |
| | ) | |
| HIRERIGHT SOLUTIONS, INC. and USIS | ) | |
| COMMERCIAL SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

_____

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER**
**PURSUANT TO 28 U.S.C. § 1404(a)**

_____

# TABLE OF CONTENTS

**PAGE**

INTRODUCTION ...................................................................................................... 1

PLAINTIFF'S COMPLAINT ................................................................................... 2

ARGUMENT ............................................................................................................. 3

I.      THE LEGAL STANDARD UNDER SECTION 1404(A) ............................. 3

II.     THE NORTHERN DISTRICT OF OKLAHOMA IS A PROPER TRANSFEREE DISTRICT. ............................................................................ 4

III.    THE BALANCE OF PRIVATE AND PUBLIC INTEREST FACTORS TIPS STRONGLY IN FAVOR OF TRANSFER ................................................. 5

        A.     The Private Interest Factors Favor Transfer ........................................ 5

                1.     HireRight's Choice of Venue Favors Transfer ......................... 5

                2.     The Putative Class Claims Arose In Tulsa, Oklahoma ............ 6

                3.     The Convenience of the Parties and Party Witnesses Favors Transfer ....................................................................................... 7

                        a.     Witnesses Related to Employment Background Checks ............... 8

                        b.     Witnesses Related to Notification Letters ................................... 9

                        c.     Witnesses Related to Consumer File Disputes ............................ 9

                4.     The Location of Books and Records Favors Transfer ............. 10

        B.     The Public Interest Factors Favor Transfer ....................................... 11

CONCLUSION ......................................................................................................... 12

# TABLE OF AUTHORITIES

**PAGE**

## CASES

*Ayling v. Travelers Prop. Cas. Corp.*
No. 99-3243, 1999 U.S. Dist. LEXIS 16716 (E.D. Pa. Oct. 27, 1999) ...................... 1, 7, 10

*Beverly v. ChoicePoint, Inc.*
No. 3:07-cv-541 (E.D. Va. Feb. 13, 2008).................................................................. 7, 10

*Bogollagama v. Equifax Info. Servs.*
No. 09-1201, 2009 U.S. Dist. LEXIS 110821 at *6 (E.D. Pa. Nov. 30, 2009)............ 4, 6, 12

*Boyd v. Snyder*
44 F. Supp. 2d 966 (N.D. Ill. 1999) ................................................................................ 6

*Coppola v. Ferrellgas*
250 F.R.D. 195 (E.D. Pa. 2008) ............................................................................... 4, 6, 7

*Hernandez v. Graebel Van Lines*
761 F. Supp. 983 (E.D.N.Y. 1991) .................................................................................. 6

*In re Volkswagen AG*
371 F.3d 201 (5th Cir. 2004)........................................................................................... 8

*Jumara v. State Farm Ins. Co.*
55 F.3d 873 (3d Cir. 1995) ..................................................................................... 4, 5, 11

*KAB Enter. Co. v. Ursich Elec. Prods.*
No. 06-4361, 2007 U.S. Dist. LEXIS 27524 at * 8 (E.D. Pa. Apr. 12, 2007) ..................... 10

*Klingensmith v. Paradise Shops*
No. 07-322, 2007 U.S. Dist. LEXIS 51591 (W.D. Pa. July 17, 2007) .................... 2, 5, 7, 10

*Koster v. Am. Lumbermens Mut. Cas. Co.*
330 U.S. 518 (1947)......................................................................................................... 5

*Moghaddam v. Dunkin Donuts, Inc.*
No. 02-60045, 2002 U.S. Dist. LEXIS 14952 at *7-8 (S.D. Fla. Aug. 13,
2002) ............................................................................................................................... 7

*Norwood v. Kirkpartick*
349 U.S. 29 (1955)........................................................................................................... 3

*Omega Fin. Servs., Inc. v. Innovia Estates & Mortg. Corp.*
No. 07-1470, 2007 U.S. Dist. LEXIS 90125 (D. N.J. Dec. 6, 2007)................................... 4

*Ward v. Family Dollar Stores, Inc.*
CV-06-CO-01060-W, 2006 U.S. Dist. LEXIS 96846 (N.D. Ala. Sept. 29,
2006) ............................................................................................................................... 8

# TABLE OF AUTHORITIES
## (CONTINUED)

PAGE

## STATUTES

15 U.S.C.
§ 1681e(b) .......................................................................................................... 3

15 U.S.C.
§ 1681i................................................................................................................. 9

15 U.S.C.
§ 1681k(a) ........................................................................................................ 2, 9

15 U.S.C.
§ 1681k(a)(1) ...................................................................................................... 2

15 U.S.C.
§ 1681k(a)(2) ...................................................................................................... 2

15 U.S.C.
§ 1681n ............................................................................................................... 6

28 U.S.C.
§ 1391(b)(1) ........................................................................................................ 4

28 U.S.C.
§ 1391(b)(2) ........................................................................................................ 4

28 U.S.C.
§ 1391(c) ............................................................................................................. 4

28 U.S.C.
§ 1404(a) ...............................................................................................1, 3, 7, 8, 13

## OTHER AUTHORITIES

*Moore's Federal Practice*
§ 111.13[1][h].................................................................................................... 11

## INTRODUCTION

Defendant HireRight Solutions, Inc. ("HireRight") moves pursuant to 28 U.S.C. § 1404(a) to transfer this case to the United States District Court for the Northern District of Oklahoma.

Plaintiff has alleged a proposed *nationwide* class action against HireRight for "willfully" violating the Fair Credit Reporting Act ("FCRA"). Plaintiff specifically claims that HireRight has "adopted and maintained a policy and practice of failing to timely update . . . applicants' criminal record histories to show that such records have been expunged." (Compl. ¶ 1.) Plaintiff further claims that "[t]he prejudice caused by the erroneous reporting is exacerbated by [HireRight's] failure to notify the consumer contemporaneously of the fact that the erroneous criminal record information is being sent to the employer, and [HireRight's] failure to maintain strict procedures to assure that expunged records are removed from their reports and that the information is complete and up to date." (Compl. ¶ 1.)

The Northern District of Oklahoma is the proper venue for this case because the sources of proof overwhelmingly are concentrated in Tulsa, Oklahoma, and the other private and public interest factors strongly weigh in favor of the transfer. HireRight's supporting declarations confirm that Oklahoma is where virtually all of the activities alleged in the Complaint are centered (including the fulfillment of the background checks, the preparation of the notification letters to consumers, and the investigation and resolution of disputes from consumers about the background checks), where the vast majority of the witnesses reside, where the bulk of the

pertinent documents were created and are stored, and where most of the policies and procedures at issue were implemented.[1]

Indeed, the primary connection between the putative class claims and Pennsylvania is that Pennsylvania attorneys (whose location is irrelevant to the transfer analysis) have elected to use a named plaintiff who resides in Pennsylvania to front a putative nationwide class action, i.e., a case that, in their view, could have been brought *anywhere* based on common facts.  Under these circumstances, the case should be transferred to its unquestionable "center of gravity," the Northern District of Oklahoma.

Furthermore, Plaintiff cannot credibly argue that the evidence in Philadelphia justifies hearing the class claims here.  The evidence relating to the putative class claims should determine where this case is heard, not the limited evidence related to any individual claim by Plaintiff.[2]

So long as Plaintiff purports to assert federal claims on behalf of "thousands" of class members that are scattered throughout the country, this case is not a local dispute; rather, it is anchored in – and should be tried in – the Northern District of Oklahoma.[3]

## PLAINTIFF'S COMPLAINT

Plaintiff's Complaint alleges that HireRight willfully violated the FCRA by: (1) "failing to notify consumers contemporaneously of the fact that criminal record information is being

---

[1] This Court transferred a proposed class action based on similar circumstances in *Ayling v. Travelers Prop. Cas. Corp.*, No. 99-3243, 1999 U.S. Dist. LEXIS 16716 (E.D. Pa. Oct. 27, 1999).

[2] In *Klingensmith v. Paradise Shops*, No. 07-322, 2007 U.S. Dist. LEXIS 51591 (W.D. Pa. July 17, 2007), Chief Judge Donetta Ambrose granted the defendant's motion to transfer a proposed class action for willful violations of the FCRA to the location of the defendant's headquarters, Georgia, in part because the case would focus on the *defendant's* conduct.

[3] HireRight has also moved to transfer the related case before this Court, *Smith v. HireRight Solutions, Inc.*, Civil Action No. 2:09-cv-06007.

provided to prospective employers" (15 U.S.C. § 1681k(a)(1)); (2) "failing to maintain strict procedures to assure that the information [provided in background checks] is complete and up to date" (15 U.S.C. § 1681k(a)(2)); and (3) "failing to utilize procedures designed to assure maximum possible accuracy of the information [it] sell[s] to prospective employers." (15 U.S.C. § 1681e(b)).   (Compl. ¶ 55.)   These legal theories hinge on Plaintiff's central allegation that HireRight has a "common policy and practice" to "regularly and illegally report a criminal record that has been expunged by court order, so that the individual's criminal record history appears more serious than it actually is."  (See Compl. ¶ 14.)  On behalf of "thousands" of class members, Plaintiff seeks class-wide declaratory and injunctive relief, statutory damages of $100 to $1,000 per violation, punitive damages, and costs and attorneys' fees.  (See Compl. ¶¶ 47, 52, Prayer for Relief.)   Plaintiff does not allege that he lost any job opportunities because of HireRight's background checks.

## ARGUMENT

## I.     THE LEGAL STANDARD UNDER SECTION 1404(a).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  Section 1404(a) was "intended to permit courts to grant transfers upon a lesser showing of inconvenience" than was needed for dismissal under the common law doctrine of *forum non conveniens*.  *Norwood v. Kirkpartick*, 349 U.S. 29, 32 (1955).

The transfer analysis turns first on whether venue is proper in both the original and requested districts.  If it is, then the district court conducts a balancing test involving public and private interest factors.

> The private interests include: (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the

3

convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses; and (6) the location of books and records.

The public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive: (3) the relative administrative difficulty in the two venues resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the possible venues; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

*Coppola v. Ferrellgas*, 250 F.R.D. 195, 196-197 (E.D. Pa. 2008) (quoting *Omega Fin. Servs., Inc. v. Innovia Estates & Mortg. Corp.*, No. 07-1470, 2007 U.S. Dist. LEXIS 90125 (D. N.J. Dec. 6, 2007)); *see also generally Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995).

## II.   THE NORTHERN DISTRICT OF OKLAHOMA IS A PROPER TRANSFEREE DISTRICT.

The requirement for venue in the transferee district "will be satisfied when the defendant is amenable to process in the other jurisdiction." *Bogollagama v. Equifax Info. Servs.*, No. 09-1201, 2009 U.S. Dist. LEXIS 110821 at *6 (E.D. Pa. Nov. 30, 2009) (internal citations and quotations omitted).  HireRight is amenable to process in the Northern District of Oklahoma.  *See* 28 U.S.C. §§ 1391(b)(1), (b)(2), (c).  HireRight is incorporated and has its principal place of business in Tulsa, Oklahoma.[4]   (Ex. A, Forman Decl. ¶ 4.)  Customers seeking background reports about current or prospective employees submit their requests to HireRight in Tulsa.  (*Id.* ¶ 6.)  The preparation of these reports is coordinated and overseen by employees in Tulsa.  (*Id.*)  Electronic information concerning these transactions is stored on computer servers in Tulsa.  (Ex. B, Harpe Decl. ¶¶ 5, 6.)  Notification letters are generated in Tulsa under the supervision of employees in Tulsa.  (Ex. A, Forman Decl. ¶ 7; Ex. B, Harpe Decl. ¶ 7.)  Requests from

---

[4] Plaintiff inaccurately alleges that HireRight is incorporated in Delaware.  (Compl. ¶¶ 5, 6.)  HireRight is incorporated in Oklahoma.  (Ex. A, Forman Decl. ¶ 4.)

consumers for copies of their consumer files and consumer disputes regarding their reports are received and processed in Tulsa.  (Ex. C, LaChapell Decl. ¶¶ 4-7.)  HireRight's call center, through which consumers contact the company, is located in Tulsa and is staffed by employees in Tulsa.  (*Id.* ¶ 4.)  Thus, the Northern District of Oklahoma is a proper transferee district.

## III.   THE BALANCE OF PRIVATE AND PUBLIC INTEREST FACTORS TIPS STRONGLY IN FAVOR OF TRANSFER.

### A.   The Private Interest Factors Favor Transfer.

#### 1.   HireRight's Choice of Venue Favors Transfer.

The first two private interest factors to be considered are the plaintiff's forum preference and the defendant's forum preference, respectively.  *Jumara*, 55 F.3d at 879-80.  Because this is a proposed nationwide class action, HireRight's preference for venue in the Northern District of Oklahoma is entitled to more weight than Plaintiff's preference for venue here.

Although the plaintiff's choice of forum normally is afforded substantial (though not dispositive) weight, that is not the case where a plaintiff (or group of plaintiffs) seeks to represent thousands of others in a nationwide class.  *See Koster v. Am. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947).  "To entertain such an action places the forum in a position of responsibility toward the whole class which the plaintiff assumes to represent."  *Id.* at 525.  A class action thus "brings to the court more than an ordinary task of adjudication; it brings a task of administration; and what forum is appropriate for such a task may require consideration of its relation to the whole group of members . . . whom plaintiff volunteers to represent as well as to the nominal plaintiff himself."  *Id.* at 525-26.  In such a case, for the sake of convenience, the location of the defendants, and the "books, records and witnesses" that may exist at defendants' home offices, are entitled to greater consideration.  *See id.* at 526.  Accordingly, courts routinely accord less weight to a plaintiff's choice of forum in a class action.  *See, e.g., Klingensmith*, 2007

U.S. Dist. LEXIS 51591 at *7-8 (citing numerous cases from this District and granting the defendant consumer reporting agency's motion to transfer a proposed FACTA class action).

Moreover, a plaintiff's choice of forum is entitled to still less weight if it is not where the events underlying the cause of action took place, even if the forum is the plaintiff's home forum. *See Boyd v. Snyder*, 44 F. Supp. 2d 966, 970-71 (N.D. Ill. 1999) ("When the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum, the plaintiff's preference has minimal value even if it is his home forum." (quotations and citations omitted)); *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 990-91 (E.D.N.Y. 1991) (affording "less significance" to plaintiff's choice of New York as forum where the accident occurred in Florida, most of the witnesses were in Florida, and the only connection to New York was the plaintiff's residence and treatment there).

Plaintiff *disclaims* individualized injury and seeks to pursue putative class claims. (*See* Compl., Prayer for Relief, VIII(c) (seeking class-wide "statutory . . . damages" under 15 U.S.C. § 1681n).) As a result, the operative facts underlying the class claims clearly are centered in and around the Northern District of Oklahoma. (Ex. A, Forman Decl. ¶¶ 4-9; Ex. B, Harpe Decl. ¶¶ 5-10; Ex. C, LaChapell Decl. ¶¶ 4-9.) HireRight's forum preference therefore is entitled to more weight than Plaintiff's forum preference.

## 2. The Putative Class Claims Arose In Tulsa, Oklahoma.

"Typically the most appropriate venue is governed by the third factor – where a majority of events giving rise to the claim arose." *Coppola*, 250 F.R.D. at 198. FCRA claims arise in the District where the defendant consumer reporting agency maintains its principal place of business. *Bogollagama,* 2009 U.S. Dist. LEXIS 110821 at *14-15 (granting the defendant consumer reporting agency's motion to transfer the case from Pennsylvania to Atlanta, Georgia, and explaining that the events giving rise to the plaintiff's FCRA claim arose in Atlanta because the

agency's Consumer Center and consumer reporting database were located in Atlanta, the agency issued the disputed credit reports from Atlanta, and the agency received and responded to the plaintiff's contacts from its facilities in Atlanta); *Beverly v. ChoicePoint, Inc.*, No. 3:07-cv-541 (E.D. Va. Feb. 13, 2008) (transferring FCRA nationwide class action to North Carolina pursuant to 28 U.S.C. § 1404(a) (Ex. D)); *cf. also Moghaddam v. Dunkin Donuts, Inc.*, No. 02-60045, 2002 U.S. Dist. LEXIS 14952 at \*7-8 (S.D. Fla. Aug. 13, 2002) (noting that because the plaintiffs alleged that a company-wide policy caused damages to the class, "[a]ny wrongdoing on behalf of [the defendant] would have occurred at its principal place of business," thereby favoring transfer); *Ayling*, 1999 U.S. Dist. LEXIS 16716 at \*16-17 (granting the defendant insurer's motion to transfer the proposed class action case from Pennsylvania to Connecticut and explaining that the events giving rise to the plaintiff's claims arose in Hartford because her claim was rooted in the insurer's "strategic policy decisions" and it was likely that all such decisions were made at its corporate headquarters in Hartford).

HireRight has its principal place of business in Tulsa, Oklahoma, and the events giving rise to the putative class claims occurred in Tulsa.  (Ex. A, Forman Decl. ¶¶ 4-9; Ex. B, Harpe Decl. ¶¶ 5-10; Ex. C, LaChapell Decl. ¶¶ 4-9.)  Accordingly, this private interest factor plainly weighs in favor of transfer.

### 3. The Convenience of the Parties and Party Witnesses Favors Transfer.

Witness convenience "is a particularly significant factor in a court's decision whether to transfer."  *Coppola*, 250 F.R.D. at 198.  This litigation will focus on HireRight's corporate decisions because Plaintiff has accused HireRight of willful FCRA violations.  *Klingensmith*, 2007 U.S. Dist. LEXIS 51591 at \*8-9 (granting the defendant's motion to transfer a proposed class action for willful violations of the FCRA to the location of the defendant's headquarters, Georgia, in part because the case would focus on the *defendant's* conduct).  The witnesses

knowledgeable about HireRight's policies, practices and procedures are its employees who overwhelmingly are centered in and around Tulsa, Oklahoma.  Within the context of this proposed nationwide class action case, the concentration of witnesses in Tulsa is entitled to more weight than Plaintiff's residence in Philadelphia.  Furthermore, the burdens of travel distance, expense and disruption of work and home schedules are especially significant here: Tulsa is well over a thousand miles from Philadelphia.  *See In re Volkswagen AG*, 371 F.3d 201, 204-05 (5th Cir. 2004) (noting that "when the distance between and existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled"); *Ward v. Family Dollar Stores, Inc.*, CV-06-CO-01060-W, 2006 U.S. Dist. LEXIS 96846 (N.D. Ala. Sept. 29, 2006) (reasoning that transfer to the District where the employer's headquarters was located "would save a considerable amount of resources regarding travel for key corporate witnesses, the transportation of documents and other evidence, and the avoidance of disruption of work and home schedules of the witnesses").

### a.    Witnesses Related to Employment Background Checks

HireRight's customers order from HireRight background screening reports from HireRight to be used for employment purposes.  It is these background screening reports that Plaintiff complains about in his case.  (*See* Compl. ¶ 1.)  Orders for the background screening reports principally are placed over the Internet and are received and stored in Tulsa.  (Ex. A, Forman Decl. ¶ 6; Ex. B, Harpe Decl. ¶ 5.) Danna Forman, located in Tulsa, supervises the HireRight employees who are responsible for fulfilling criminal records requests in response to such orders.  (Ex. A, Forman Decl. ¶¶ 2, 6.)  Ms. Forman and her team in Tulsa thus are the central witnesses regarding the process of collecting and reporting the information for the background screening reports.  Another potentially important witness in this area is Steven

Harpe, Senior Director of Information Technology Operations., who also is located in Tulsa. (Ex. B, Harpe Decl. ¶ 1.)   Mr. Harpe and others under his supervision in Tulsa are knowledgeable about the databases and computer equipment used to process and store the public record information from which background screening reports are generated.  (Ex. B, Harpe Decl. ¶ 4.)

### b.    Witnesses Related to Notification Letters

Plaintiff alleges that HireRight failed to provide notice to him pursuant to 15 U.S.C. § 1681k(a) at the time it provided reports to his prospective employers.  All such notices are prepared in Tulsa in a process overseen by HireRight's employees in Tulsa.  (Ex. A, Forman Decl. ¶ 7; Ex. B, Harpe Decl. ¶ 7.)  Mr. Harpe is knowledgeable about the generation and electronic storage of these letters.  (Ex. B, Harpe Decl. ¶¶ 4, 7.)

The notices are transmitted electronically to a facility in Western Pennsylvania to perform the clerical function of printing and mailing them to consumers.[5]  A separate affiliate owns that facility and ultimately supervises the small handful of employees who work on the HireRight account at that location.  (The facility services other accounts, not just the HireRight account.)  HireRight itself has no offices in Pennsylvania.  (Ex. A, Forman Decl. ¶ 10.)

### c.    Witnesses Related to Consumer File Disputes

Sarah LaChapell, Manager of Customer Service, supervises the HireRight employees responsible for communicating with consumers (like Plaintiff) about such issues as consumer disputes (*see* 15 U.S.C. § 1681i).  (Ex. C, LaChapell Decl. ¶ 2.)  Ms. LaChapell's office is located in Tulsa.  (*Id.* ¶ 1.)  The employees who communicate directly with consumers under Ms. LaChapell's supervision likewise are located in Tulsa.  (*Id.* ¶ 8.)

---

[5] The facility is located in Mercer County, Pennsylvania.  Mercer County is in the Western District of Pennsylvania, not the Eastern District.

### 4.    The Location of Books and Records Favors Transfer.

The final private interest factor is the location of books and records.  The overwhelming majority of relevant documents are stored in Tulsa, Oklahoma.  By way of example, the following key documents are housed by HireRight in Tulsa:

- Hardcopy documents concerning file requests and disputes by consumers (Ex. C, LaChapell Decl. ¶ 9);

- Employment-related background reports that are at the heart of the case (Ex. B, Harpe Decl. ¶ 6);

- Records of communications between HireRight and its customers (i.e., Plaintiff's and the putative class members' prospective employers) that purchase such reports from HireRight (Ex. B, Harpe Decl. ¶¶ 5-6);

- Notification letters to consumers (Ex. B, Harpe Decl. ¶ 7);

- Records of communications with consumers (Ex. B, Harpe Decl. ¶ 8); and

- HireRight's employee email (Ex. B, Harpe Decl. ¶ 9).

The location of the overwhelming majority of key documents in Tulsa clearly favors transfer to the Northern District of Oklahoma, even if this factor is not entitled to especially great weight. *Klingensmith*, 2007 U.S. Dist. LEXIS 51591 at *10-11 (granting the defendant's motion to transfer the proposed class action); *KAB Enter. Co. v. Ursich Elec. Prods.*, No. 06-4361, 2007 U.S. Dist. LEXIS 27524 at * 8 (E.D. Pa. Apr. 12, 2007) (granting motion to transfer in part because the defendant's principal place of business was in the transferee district); *Ayling*, 1999 U.S. Dist. LEXIS 16716 at *16-17 (granting the defendant's motion to transfer the proposed class action); *Beverly*, No. 3:07-cv-541, at 2 n.1 (transferring FCRA case from Virginia to district in which the "sources of proof pertinent to plaintiffs' claims, including records," were

located) (Exh. D)); *Moore's Federal Practice* § 111.13[1][h] (favoring transfer based in part on "the ease of conducting merits-related discovery in a location that is near the pertinent documents").

**B.    The Public Interest Factors Favor Transfer.**

The public interest factors that *Jumara* identified are: (1) the enforceability of the judgment, (2) practical considerations that could make the trial easy, expeditious, or inexpensive, (3) the relative administrative difficulty in the two venues resulting from court congestion, (4) the local interest in deciding local controversies at home, (5) the public policies of the possible venues, and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Jumara*, 55 F.3d at 879-80.  Public interest factors (1), (4), (5) and (6) are not relevant here as this case arises under federal question jurisdiction and is brought by a plaintiff seeking to represent a putative nationwide class.  The key public interest factors are practical considerations that would create judicial efficiency at trial and a comparison of the court congestion of the Northern District of Oklahoma and the Eastern District of Pennsylvania.  The analysis of both factors strongly weighs in favor of transfer.

For the reasons explained above, trial would certainly be easier and less expensive in the Northern District of Oklahoma because that venue is the most convenient venue for many of HireRight's witnesses.  Oklahoma is also where the bulk of the relevant documents are located.

The Northern District of Oklahoma also has a far less congested docket than the Eastern District of Pennsylvania.  As of March 2009, over 58,000 civil cases were pending in the Eastern District of Pennsylvania, *over seventy times* the number of cases (807) pending in the Northern District of Oklahoma.  (*See* Ex. E, U.S. Court Statistics.)  That amounts to over 2,600 civil cases per judgeship (22) in this District and only just over 200 civil cases per judgeship (3.5) in the proposed transferee district, a statistic which alone strongly militates in favor of transfer.  *See*

*Bogollagama*, 2009 U.S. Dist. LEXIS 110821, at \*8-9 (finding that court congestion favored transfer where transferee district had 480 civil actions per judgeship as compared to 1,786 in the Eastern District of Pennsylvania for 2008).   Moreover, in the year March 1, 2008 to March 1, 2009, over twice as many cases commenced in the Eastern District of Pennsylvania as were terminated.   (*See* Ex. E.)   Meanwhile, the Northern District of Oklahoma had only approximately 5% more cases commenced than were terminated in that same period.   (*See id.*)   In light of its overwhelming case load per judge, as of September 30, 2009, the Eastern District of Pennsylvania was 90th in the nation in median time from filing to disposition in civil actions, whereas the Northern District of Oklahoma, was 62nd in the nation in time from filing to disposition.   (*See id.*)   Thus, the median time from filing to disposition in civil cases in the Northern District of Oklahoma was 9.6 months, about *four months* shorter than the relevant time in the Eastern District of Pennsylvania, further counseling in favor of transfer.   (*See id.*) Meanwhile, over 13% of the civil cases in the Eastern District of Pennsylvania are over three years old, while less than 5% of the civil cases in the Northern District of Oklahoma have been pending for that amount of time.   (*See id.*)   Thus, the less-crowded docket of the Northern District of Oklahoma also favors transfer, and the only relevant public interest factors both demonstrate that transfer is appropriate here.

## CONCLUSION

Because he has proposed a nationwide class action, Plaintiff predicates his willful violation claims on policies that are "generally applicable" to the class members.   It is beyond dispute that the operative facts relating to Plaintiff's class action allegations are centered in Tulsa, Oklahoma.   In addition, the overwhelming majority of witnesses and documents relevant to this case are located there.   Accordingly, Plaintiff's choice of forum is entitled to little weight,

and because the other private and public interest factors strongly weigh in favor of transfer, the Court should grant HireRight's motion and transfer the case to the Northern District of Oklahoma pursuant to 28 U.S.C. § 1404(a).

Respectfully submitted,

*/s/Robert C. Drake*

Robert C. Drake, Esquire (PA #57177)
Rod M. Fliegel, Esquire (*pro hac vice*)
William J. Simmons, Esquire (PA #206860)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
(t) 267.402.3000
rcdrake@littler.com
rfliegel@littler.com
wsimmons@littler.com
*Attorneys for Defendants*

Date: April 30, 2010